UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGELA COUTAVAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-CV-179 SRW |
| | ) |
| FRANK BISIGNANO,[1] | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion filed by Kelsey Young of Parmele Law Firm for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $26,995.25. ECF No. 19. The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Commissioner filed a response asserting it "neither supports nor opposes counsel's request for attorney's fees in the amount of $26,995.25, under 42 U.S.C. § 406(b)."[2] ECF No. 20. For the following reasons, the Court will grant Ms. Young's request.

### **Background**

On October 10, 2023, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act.

---

[1] At the time this case was filed, Kilolo Kijakazi was the Commissioner of Social Security. Frank Bisignano became the Commissioner in May 2025. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Frank Bisignano for Kilolo Kijakazi in this matter.

[2] "The Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (citations omitted).

ECF No. 1. The Commissioner filed a certified transcript of the administrative proceedings. ECF No. 11. Plaintiff filed a brief in support of the complaint. ECF No. 12. In response to Plaintiff's brief, the Commissioner filed a Motion to Reverse and Remand this case for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF No. 13. The Commissioner indicated that upon review of the record, agency counsel determined remand was required for further evaluation of Plaintiff's claim. *Id*.

Upon review of Plaintiff's brief in support of her complaint, the ALJ's decision, and the Commissioner's motion, the Court agreed with the Commissioner that this case should be reversed and remanded for further evaluation of Plaintiff's claims. On April 11, 2024, the undersigned remanded this case to the Commissioner pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF Nos. 14, 15.

On July 8, 2024, Plaintiff's attorney, Kelsey Young, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16. Ms. Young sought attorney's fees in the amount of $4,900.00. This amount was based on 20 hours of attorney work at a rate of $245.00 per hour. Plaintiff requested compensation at the statutory hourly rate of $125.00, plus a cost-of-living adjustment pursuant to 28 U.S.C. § 2412(d). The Commissioner had no objection to the request or amount. ECF No. 17. Thus, on July 12, 2024, the Court granted Ms. Young's motion for attorney's fees. ECF No. 18.

**Motion for Attorney's Fees under 42 U.S.C. § 406(b)**

On July 31, 2025, Ms. Young filed the instant motion for an award of attorney's fees under 42 U.S.C. § 406(b). ECF No. 19. She asserts that after this Court's remand, Plaintiff appeared at an administrative hearing, and the ALJ issued a fully favorable decision on May 20,

2

2025. ECF No. 19-1 at 2. As a result, Plaintiff was awarded $144,781.00 in past-due benefits under Title II of the Social Security Act. *Id. See also* ECF No. 19-4 at 3.

To support the instant motion, Ms. Young refers to the fee agreement for representation, in which Plaintiff agreed her counsel would be entitled to 25% of any back pay, and Plaintiff would be refunded the lesser amount of either the fees payable under 42 U.S.C. § 406(b) or the fees collected under 28 U.S.C. § 2412. ECF No. 19-1 at 2. *See also* ECF No. 19-5. Ms. Young indicates she has received a total of $9,200 for work performed before the Social Security Administration. *Id.* at 8. She now seeks reimbursement in the total amount of $26,995.25, which is 25% of the total past due benefits ($144,781.00) minus the 406(a) fees already received ($9,200.00), as a 42 U.S.C. § 406(b) fee.

## Legal Standard

Under the Social Security Act, a court that renders a judgment favorable to a Title II claimant may award reasonable attorney's fees not to exceed 25% of the total of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). "[N]o other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id.* If an attorney charges or collects any other type of fee for service governed by this paragraph, the attorney "shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both." § 406(b)(2).

The United States Supreme Court considered the payment of attorney's fees under § 406 in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002):

> What is the appropriate starting point for judicial determinations of "a reasonable fee for [representation before the court]"? [citing § 406(b)]. Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonably spent on the case times reasonable hourly rate) of the kind we have approved

3

under statutes that shift the obligation to pay to the loser in the litigation? *Id.* at 792.

The Court noted, "Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." *Id.* at 805. *Gisbrecht* also found it unlikely that in 1965, when Congress provided for "a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." *Id.* at 806. As the Court observed, the lodestar method was designed to regulate the imposition of attorney's fees against the losing party. In those cases, "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client." *Id.*

*Gisbrecht* rejected the lodestar approach and held that "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

In determining whether a requested fee amount is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. The Court may reduce the fee award when the representation is deficient, when counsel delayed the proceedings to increase the benefits from which the fee was payable, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Additionally, when there is an award of attorney's fees under both Section 406(b) and the EAJA, then the plaintiff's attorney must refund to the client the amount of the smaller fee. *Id.* at 796.

4

**Discussion**

Plaintiff received $144,781.00 in total past-due benefits after being represented by Ms. Young. ECF No. 19-4. Plaintiff's attorney's fee agreement entitles Ms. Young to 25% of the past-due benefits, or $36,195.25. ECF No. 19-5. As Ms. Young previously received $9,200 for her services before the Commission, Ms. Young seeks $26,995.25 ($36,195.25 minus $9,200 previously awarded). The requested fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." § 406(b)(1)(A).

The Court finds Ms. Young's attorney's fee request to be in accordance with her written contract with Plaintiff, and is in compliance with § 406(b)(1)(A) as her fee request does not exceed 25% of the total of the past-due benefits awarded. However, § 406(b) requires the Court to review the fee agreement as an "independent check" to assure the fee yields a reasonable result in this case. *Gisbrecht*, 535 U.S. at 807.

In justifying the reasonableness of this fee, Ms. Young states that she undertook a risk when she agreed to represent Plaintiff because successful results in Social Security disability appeals are statistically low, and Plaintiff's own case had already been denied at multiple levels of agency review prior to the initiation of the civil action. Ms. Young further notes that "Plaintiff will receive not only past-due benefits wrongly denied but also ongoing Title II benefits until she dies, reaches retirement age, or becomes no longer disabled," thus, "the value to the Plaintiff of this civil action is not limited to the past-due benefits she receives." ECF No. 19-1 at 10. Ms. Young further highlights her decade of experience and expertise in handling Social Security disability cases, and the effective and efficient representation she provided in this case. *Id.* at 12.

The Supreme Court first directs the reviewing court to consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. After a

5

fairly long and unsuccessful battle with her Social Security disability claim, Plaintiff retained Ms. Young to represent her before the United States District Court. Plaintiff agreed to the twenty-five percent contingent-fee payment arrangement when she signed the Fee Agreement for Representation. The Fee Agreement comports with Section 406(b)'s requirements because it limits the award to twenty-five percent of the total past-due benefits awarded. The Supreme Court has noted that contingency agreements for the statutory maximum of twenty-five percent "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Nothing suggests the agreement in this case was unreasonable when entered. The Court finds it would be unfair to penalize Ms. Young from receiving the benefit of her bargain with Plaintiff by paying her less than the amount Plaintiff agreed to pay in the Fee Agreement. Thus, the Court finds "the character of the representation" was reasonable and lawful.

Next the Court must consider "the results the representative achieved." *Id.* at 808. Ms. Young competently represented Plaintiff and achieved a very successful final result for her client. Counsel thoroughly reviewed the over 900-page record in this matter and filed a brief that resulted in the Commissioner agreeing that the case must be remanded. There is no evidence in the record or allegation from the Commissioner that Ms. Young was responsible for any significant or undue delays. Ms. Young accepted the representation of the case at a time when Plaintiff's claim had been determined to be worth nothing. Ms. Young's representation of Plaintiff resulted in an award of past-due benefits worth over $140,000.

This level of success is not a typical result in a Social Security disability case. In this District, approximately 35% of the Social Security disability cases are remanded. Obviously, not all remanded cases receive an award of past-due benefits. In 65% of the Social Security disability

cases filed in the Eastern District of Missouri, the ALJ's denial of benefits is affirmed, leaving the plaintiffs without benefits and plaintiffs' counsel with no possible attorneys fee. The Court finds the results achieved under Ms. Young's representation demonstrate the requested attorney's fee is reasonable. The Court finds Ms. Young's representation was not substandard or deficient. Nor did counsel delay the proceedings or take any other action to increase the potential benefits from which the fee was payable.

Next, the Court must consider whether the "benefits are large in comparison to the amount of time counsel spent on the case" and should "disallow 'windfalls for lawyers." *Gisbrecht*, 535 U.S. at 808 (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (en banc)). The award requested would result in an hourly rate of $1,349.76 for 20 hours of attorney services ($26,995.25 ÷ 20 hours). This fee amount is not unreasonable for Social Security cases, as other similar cases have awarded higher results. *See, e.g.*, *Brown v. Kijakazi*, 2023 WL 4947824, at *3 (E.D. Mo. Aug. 3, 2023) (approving § 406(b) attorney's fees in the amount of $1,385.16 per hour); *Porterfield v. Kijakazi*, 2023 WL 5722612, at *3 (E.D. Mo. Sept. 5, 2023) (approving § 406(b) attorney's fees in the amount of $1,811.27 per hour); *Long v. Saul*, 2021 WL 2588110 (N.D. Ind. June 24, 2021) (approving a total fee of $21,742 and noting that an hourly rate of $1,711.96 is within the range of rates approved by courts). Given the contingent nature of the representation, the Court does not find the requested fee amount to be characteristic of a windfall to Plaintiff's attorney.

In sum, in light of the contingent nature of Social Security litigation, the quality of the work performed, and the results achieved in this particular case, Ms. Young's experience and expertise, and the benefit Plaintiff will receive, not only in a large past-due benefits payment, but also in ongoing future payments, Ms. Young's diligence and lack of delay, all demonstrate that

the attorney's fee requested is reasonable and does not result in an unearned windfall to counsel. Therefore, the Court finds that an award of attorney's fees in the amount of $26,995.25 is reasonable in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) [ECF No. 19] is **GRANTED**. Plaintiff's counsel is awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $26,995.25 to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Frank Bisignano for Kilolo Kijakazi in the court record of this case.

So Ordered this 13th day of August, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE